**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**MARIA HUGHES,**

    **Plaintiff,**

                                        **Case Number:**

**v.**

**BERNARD F. GERMAIN, M.D. PA. dba
FORCARE MEDICAL GROUP,**

    **Defendant.**

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

    1.    Plaintiff, Maria Hughes, was an employee of Defendant, Bernard F. Germain MD PA, and brings this action for unpaid wages, and other relief under the Fair Labor Standards Act of 1938, as amended ("FLSA")

    2.    Plaintiff worked as a medical assistant for Defendant and performed related, non-exempt activities for Defendant in Hillsborough County, Florida.

    3.    Defendant is a Florida, for-profit corporation headquartered in Tampa, Florida.

    4.    Plaintiff was paid on an hourly basis and not subject to any exemptions under the FLSA.

    5.    Plaintiff was not paid overtime for all of the hours she worked beyond 40 in a single workweek.

    6.    Plaintiff was engaged by Defendant to work as a medical assistant during the three (3) years prior to the initiation of this lawsuit.

    7.    Defendant operates a medical facility in Tampa, Florida and provides medical treatment to patients in Hillsborough County, Florida.

8. At all times during Plaintiff's employment, Defendant engaged in an illegal policy of requiring Plaintiff to work more than 40 hours in a single workweek without allowing her to properly record all of her hours worked.

9. Defendant engaged in the illegal practice of requiring Plaintiff to work off the clock in a concerted effort to extract work from Plaintiff without paying Plaintiff overtime wages.

10. Defendant engaged in the illegal practice of requiring Plaintiff to work off the clock in a concerted effort to record less than all hours worked by Plaintiff.

11. Defendant's requirement that Plaintiff work off the clock was done in order to avoid paying Plaintiff overtime wages.

12. Defendant required Plaintiff to work off the clock throughout the entirety of Plaintiff's employment. Defendant's illegal time-shaving practice affected each week of Plaintiff's employment.

13. Plaintiff routinely worked more than 40 hours in a single workweek. However, many of Plaintiff's working hours were not properly recorded or removed from Plaintiff's timesheets by Defendant.

14. Defendant failed to pay Plaintiff overtime pay at the premium rate for all hours worked beyond 40 in a single workweek.

15. As a direct result of Defendant's willful violation of the FLSA, Plaintiff often performed work for which she was not compensated. Many of Plaintiff's hours were not recorded, therefore Plaintiff neither received her regular rate nor her premium, overtime rate for all hours worked.

16. Plaintiff worked for Defendant in Hillsborough County, Florida.

17. Instead of paying overtime wages, Defendant circumvented the FLSA by failing to pay Plaintiff wages, though Plaintiff habitually worked up to 45 hours a week or more since her hire.

18. Plaintiff was not always paid time and a half for all hours worked over forty in any given week.

19. As of this date, Plaintiff has still not been paid the entirety of her wages and has not been compensated for the full extent of her damages and wage loss under the FLSA.

20. Specifically, Defendant assigned Plaintiff a demanding workload and required that Plaintiff complete all of her duties within 40 hours.

21. Defendant was aware that Plaintiff was not able to complete all of her assigned duties and tasks within a 40-hour work week.

22. In an effort to complete all of her duties within 40 recorded hours per week, Plaintiff regularly began working 30-60 minutes before her scheduled shift began and before she clocked in.

23. Defendant- by and through Plaintiff's manager Jennifer Garcia – was not only aware that Plaintiff began working 30-60 minutes before her shift; Ms. Garcia encouraged it.

24. In response to Plaintiff's inquiry about overtime, Ms. Garcia emphatically told Plaintiff that Ms. Garcia would not allow any overtime, but the work had to be completed.

25. Plaintiff regularly and habitually worked before clocking in – in full view of Defendant- but was not paid for that time because Defendant made a concerted effort to reduce overtime.

26. Plaintiff continued to work off the clock, in full view of Ms. Garcia and others, in an effort to keep up with her demanding workload.

27. Plaintiff seeks full compensation, including liquidated damages, because Defendant's conduct in requiring Plaintiff to begin work 30-60 minutes before her scheduled shift and while off the clock, was a calculated attempt to extract additional work out of Plaintiff for the benefit of Defendant.

28. Defendant is a for profit corporation that operates and conducts business in, among others, Hillsborough County, Florida, and is therefore, within the jurisdiction of the Court.

29. Defendant, at all relevant times to this amended complaint, was Plaintiff's employer as defined by 29 U.S.C. § 203(d).  Plaintiff performed duties and responsibilities that involved commerce in the medical industry as Defendant operates as "Forcare Medical Center" that treats patients from out of state and routinely deals with out of state insurance companies via computers and data transmission lines. Additionally, Defendant accepts payments via credit cards associated with out of state banks. Finally, Defendant regularly treats its patients using materials and other resources that do not originate within the State of Florida to operate a facility that is designed to medical patients.

30. This action is brought under the FLSA to recover from Defendant, unpaid wages in the form of overtime wages, liquidated damages, and reasonable attorneys' fees and costs.

31. The Court has jurisdiction over Plaintiff's claims as all material events transpired in Hillsborough County, including those brought pursuant to 28 U.S.C. § 1337 and the FLSA.

32. At all material times relevant to this action, Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203(s).  Upon information and belief, including Plaintiff's experience with Defendant as well as the sheer size of Defendant's organization suggest that the Defendant are a multi-million-dollar operation that has considerable expertise in the medical field.  Accordingly, Plaintiff alleges that enterprise coverage is present in

this case because Defendant has an annual volume of at least $500,000.00 in revenue and has two or more employees that handle goods in commerce, including materials and supplies, whom also use telephones, fax machines and other instrumentalities of commerce.

33. At all material times relevant to this action, Plaintiff in her capacity as an employee was individually covered by the FLSA.  This would include to doing hourly work as a laborer, without managerial responsibility, including entering and processing information into Defendant's computer system and communicating with foreign insurance companies and medical providers. Plaintiff did not bear supervisory responsibility for any other employees.  Plaintiff did not regularly direct the hiring and firing of any employees.  Plaintiff did not participate in the creation of budgets or maintain the production of sales nor did Plaintiff plan or control the budget of the Defendant's in any way.  Plaintiff did not implement legal compliance measures.

34. At all times relevant to this action, Defendant failed to comply with 29 U.S.C. §§ 201-209, because Plaintiff performed services for Defendant for which no provisions was made by Defendant to properly pay Plaintiff for all hours worked during his employment.  Plaintiff worked over 40 hours per nearly every week during her employment with Defendant. The off the clock work that Plaintiff was directed to do was intentional and was designed to extract additional hours of labor out of Plaintiff for the benefit of the Defendant, who then refused to pay Plaintiff premium wages.  Notably, Defendant is in exclusive possession of the majority of relevant records in this case, including payroll records and schedules and other documentation that might reasonably assist Plaintiff with providing even greater specificity regarding the precise weeks that Plaintiff worked more than 40 hours.  Plaintiff alleges that she routinely worked in excess of 40 hours per week, including time for which Defendant made no provisions to properly record.

35. Defendant failed, refused and/or neglected to keep accurate time records pursuant to 29 U.S.C. § 211(c) of Plaintiff's, and others similarly situated to her, true hours of work.

## **COUNT I – RECOVERY OF OVERTIME WAGES COMPENSATION**

36. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-35, above.

37. Plaintiff was entitled to be paid her regular rate of pay for each hour worked per work week as well as premium wages for those hours worked over forty.

38. During her employment with Defendant, Plaintiff regularly worked overtime hours each week in which they were not paid at the correct rate of pay.

39. In Plaintiff's case, she routinely performed off-the-clock labor, at Defendant's specific request for the sole benefit of Defendant and was not paid for the hours she worked.

40. Defendant was aware that Plaintiff routinely worked off the clock for Defendant's benefit and was not paid for all the time she spent working.

41. As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff her correct premium rate of pay for each hour worked beyond 40 in one or more work weeks, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

42. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to payment of the unpaid wages under Florida law, as well as liquidated damages under the FLSA.

43. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff demands judgment against Defendant, including, but not limited to, reimbursement of an amount equal to the loss of overtime wages, liquidated damages, attorney's fees and costs pursuant to the FLSA, and such other further relief as this Court deems just and proper.

DATED this 29th day of October, 2019,

**/S/ Kyle J. Lee**
Kyle J. Lee, Esq.
FLBN: 105321
LEE LAW, PLLC
1971 West Lumsden Road, Suite 303
Brandon, Florida 33511
Telephone: (813) 343-2813
Kyle@KyleLeeLaw.com